IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Karim Abdullah Hasan, | ) | Civil Action No. 9:19-cv-281-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Warden W. Vareen, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 9) recommending that the Court dismiss Petitioner's Petition under 28 U.S.C. § 2241 without prejudice. For the reasons set forth below, the Petition is dismissed without prejudice.

In Response to the R & R recommending dismissal, Petitioner did not file any objections and instead indicated he no longer wished to proceed with the § 2241 Petition and requested that the Court "strike" his § 2241 Petition to allow him to proceed with a Petition in his sentencing court in the Eastern District of Tennessee. (Dkt. No. 12.) As the Magistrate Judge correctly held, this Court does not have jurisdiction, in part, because Petitioner has not yet pursued a § 2255 Petition in his sentencing court. Therefore, to allow him to do so and as the Petitioner now requests that the Court allow him to "strike" this claim to allow him to proceed in the Eastern District of Tennessee, the Petitioner's Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE.**[1]

**Certificate of Appealability**

---

[1] Petitioner requests that the Court "strike the entirety" of his § 2241 Petition from the record instead of dismissing his Petition in order to allow him to file the Petition in the proper court. (Dkt. No. 12.) The proper procedure to allow Petitioner to re-file his Petition in the correct court is to dismiss the Petition without prejudice rather than striking the Petition from the record. The Court further finds there is no prejudice to dismissing the Petition without prejudice here as the Respondent has not yet to appeared or otherwise participated in the case.

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner withdrew his Petition. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 3๐, 2019
Charleston, South Carolina